UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

ANGELA GRADY,

      Plaintiff,

v.

CARNIVAL CORPORATION.

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff sues Defendant and alleges:

## PRELIMINARY ALLEGATIONS

1. The Plaintiff, ANGELA GRADY, is a citizen of Georgia.

2. Defendant, CARNIVAL CORPORATION, is a foreign entity incorporated under the laws of Panama with its principal place of business and worldwide headquarters in Miami, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.  In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. Defendant, at all times material hereto, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 and/or 48.193;

    e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

    f. The Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Carnival Magic*.

5. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333 because CARNIVAL unilaterally inserts a forum clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this federal district and division,* as opposed to any other place in the world.

6. Defendant is subject to the jurisdiction of the Courts of this state.

7. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## PRELIMINARY ALLEGATIONS

8. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the subject vessel, the *Carnival Magic.*

9. On or about November 6, 2021, the Plaintiff was a fare-paying passenger on the *Carnival Magic*, which at all times material operated in navigable waters.

10. On or about November 6, 2021, the Plaintiff was severely injured when she fell due to a foreign substance on the marble hallway/walkway located on the *Carnival Magic* located in the area of the Hat Trick Casino.

11. Due to the lighting conditions reflecting of the shiny marble flooring and the clear nature of the foreign substances, the poorly maintained, unreasonably dangerous and defective condition(s) of the subject area was not open and obvious and the Plaintiff had no way of knowing the existence of such condition(s).

12. As a result of the negligence of Defendant, its vessel and/or crew, Plaintiff sustained serious, permanent and debilitating injuries, including but not limited to injuries to her neck and

back.

## **COUNT I – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT**

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twelve (12) as though alleged originally herein.

13. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

14. At all times material hereto, it was the duty of Defendant to warn passengers, like Plaintiff, of dangers that were known, or reasonably should have been known, to Defendant in places where passengers, like Plaintiff, are invited to or may reasonably be expected to visit.

15. On or about November 6, 2021, the Plaintiff was walking down the hallway located on the *Carnival Magic*, this is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be during the cruise.

16. On or about November 6, 2021, Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

   a. Failure to adequately warn the Plaintiff of the dangerous and defective condition(s) of the subject area;

   b. Failure to warn the Plaintiff that the subject area was known as a high risk area for spills and contaminations;

   c. Failure to warn the Plaintiff that the subject area was known to have a of high frequency of fall incidents;

   d. Failure to adequately warn the Plaintiff of the risks and dangers associated with the dangerous and/or defective condition(s) of the subject area;

   e. Failure to adequately warn the Plaintiff of the poorly designed condition of the subject area;

    f. Failure to adequately warn the Plaintiff of the risks and dangers associated with the poorly designed subject area, including, but not limited to, lack of slip resistance;

    g. Failure to adequately warn the Plaintiff of the slipping/fall hazard(s) on and around the subject area;

    h. Failure to adequately warn the Plaintiff of the hazard(s) posed to her, due to improper and inadequate, maintenance and/or inspection of the subject area;

    i. Failure to adequately warn the Plaintiff of the lack of promulgated and/or enforced policies and procedures concerning the maintenance and/or inspection of the subject area; and

    j. Failure to adequately warn passengers and the Plaintiff of other slip and/or fall incidents previously occurring in same manner, area and/or same flooring surface.

17. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because the Plaintiff's incident would not have occurred had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

18. At all times material hereto, the subject area was poorly designed, unreasonably dangerous and/or defective in nature.

19. The subject area where the Plaintiff's incident occurred, marble hallway/walkway in the casino area, is/was a known high risk area for spills and contaminations and a known area of high frequency fall incidents.  Or in the alternative, the subject area should have been known and/or identified as a high risk area for spills and contaminations and high frequency fall incidents in accordance with the Defendant's HESS Procedures.

20. At all times material hereto, Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not correct them.  Defendant's knowledge of the dangerous condition(s) was specifically acquired through (a) its designing and inspection of the subject area

prior to this incident and (b) prior incidents causing personal injury to Defendant's passengers involving the same or similar fall incidents aboard on its vessels, including the *Carnival Magic* and its sister ships. *See*, *Dukes v. Carnival Corp.*, 1:17-cv-20668-KMW [D.E. 1]; *Rodriguez v. Carnival Corp.*, 1:16-cv-24576-JAL; *Carpenter v Carnival Corp.*, 1:21-cv-21643-FAM. Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

21. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries and suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## COUNT II – NEGLIGENT FAILURE TO MAINTAIN AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twelve (12) as though alleged originally herein.

22. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

23. At all times material hereto, it was the duty of Defendant to maintain the subject area in a reasonably safe condition.

24. On or about November 6, 2021, Defendant and/or its agents, servants and/or employees

breached its duty through the following acts and/or omissions:

    a. Failure to adequately maintain the subject area in a reasonably safe manner;

    b. Failure to adequately maintain the subject area so that it would be free of dangerous and defective condition(s);

    c. Failure to adequately maintain the subject flooring so that it would be slip resistant;

    d. Failure to adequately maintain the subject area so that it would be free of slipping hazard(s);

    e. Failure to adequately maintain the subject area so that it would be free of foreign contaminants;

    f. Failure to adequately inspect and monitor the subject area so that it could be used in a reasonably safe manner;

    g. Failure to adequately inspect and monitor the subject area so that it would be free of dangerous and defective condition(s); and

    h. Failure to adequately inspect and monitor the subject area so that it would be free of slipping hazard(s) and/or free of foreign contaminants.

25. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because the Plaintiff's incident would not have occurred but for Defendant's failure to adequately maintain, inspect and monitor the subject area.

26. At all times material hereto, the subject area was poorly designed, unreasonably dangerous and defective in nature.

27. The subject area where the Plaintiff's incident occurred, marble hallway/walkway in the casino area, is/was a known high risk area for spills and contaminations and a known area of high frequency fall incidents.  Or in the alternative, the subject area should have been known and/or identified as a high risk area for spills and contaminations and high frequency fall incidents in

accordance with the Defendant's HESS Procedures.

28. At all times material hereto, Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not correct them.  Defendant's knowledge of the dangerous condition(s) was specifically acquired through (a) its designing and inspection of the subject area prior to this incident and (b) prior incidents causing personal injury to Defendant's passengers involving the same or similar fall incidents aboard on its vessels, including the *Carnival Magic* and its sister ships.  *See*, *Dukes v. Carnival Corp.*, 1:17-cv-20668-KMW [D.E. 1]; *Rodriguez v. Carnival Corp.*, 1:16-cv-24576-JAL; *Carpenter v Carnival Corp.,* 1:21-cv-21643-FAM. Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

29. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries and suffered physical handicap. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## COUNT III – GENERAL NEGLIGENCE AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twelve (12) as though alleged originally herein.

30. At all times material hereto, it was the duty of Defendant to provide Plaintiff with

reasonable care under the circumstances.

31. On or about November 6, 2021, Defendant and/or its agents, servants and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances through the following acts and/or omissions:

a. Failing to provide the Plaintiff with reasonable care under the circumstances;

b. Failing to ensure the subject area was free of dangerous and defective conditions(s);

c. Failing to ensure the subject area was free of slipping hazard(s) and/or foreign contaminants;

d. Failing to identify the unreasonably dangerous, defective condition(s), including slipping hazard(s) and/or foreign contaminants, in the subject area;

e. Failing to correct the unreasonably dangerous, defective condition(s), including slipping hazard(s) and/or foreign contaminants, in the subject area;

f. Failing to eliminate and/or modify the unreasonably dangerous, defective condition(s), including slipping hazard(s) and/or foreign contaminants, in the subject area;

g. Failing to promulgate and enforce adequate policies and procedures aimed at ensuring that the dangerous, defective condition(s), including slipping hazard(s) and/or foreign contaminants, in the subject area which caused Plaintiff's incident would be discovered and corrected;

h. Failing to promulgate and/or enforce adequate procedures with regard to providing assistance to passengers, including Plaintiff, in the subject area;

i. Failing to promulgate and/or enforce adequate policies and procedures aimed at warning passengers, and Plaintiff in particular, of the unreasonably dangerous, defective condition(s), including slipping hazard(s) and/or foreign contaminants, in the subject area that caused Plaintiff's injury;

j. Failing to adequately design the subject area, including, but not limited to, slip resistant flooring, so as to make it reasonably safe for passengers, including the Plaintiff;

k. Failure to adequately modify the subject area to decrease falls;

l. Failing to adequately modify the subject area so as to make it reasonably safe for passengers, including the Plaintiff;

m. Failure to place warning signs on and/or around the unreasonably dangerous, defective subject area;

n. Failure to promulgate and/or enforce adequate policies and procedures to ensure that warnings signs are placed on or around unreasonably dangerous, defective area(s);

o. Failing to promulgate and/or enforce adequate policies and procedures aimed at maintaining the Defendant's vessel in a reasonably safe condition for passengers;

p. Failing to analyze prior trip/slip-and-fall accidents aboard Defendant's vessels occurring in the same manner and/or area so as to remedy such dangerous and/or hazardous conditions;

q. Failure to correct dangerous and/or hazardous conditions following other trip/slip and fall accidents which occurred in the same area;

r. Failure to analyze and correct dangerous and/or hazardous conditions in areas know as high risk area for spills and contaminations and/or known as area of high frequency fall incidents;

s. Failure to ascertain the cause of prior similar accidents happening on any of the Defendants' vessels fleet wide so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's incident; and

t. Failure to have adequate risk management procedures in place designed to reduce the occurrence of the type of accident suffered by the Plaintiff.

32. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for such acts and/or omissions.

33. At all times material hereto, the subject area was poorly designed and unreasonably dangerous in nature.

34. The subject area where the Plaintiff's incident occurred, marble hallway/walkway in the casino area, is/was a known high risk area for spills and contaminations and a known area of high frequency fall incidents.  Or in the alternative, the subject area should have been known and/or identified as a high risk area for spills and contaminations and high frequency fall incidents in accordance with the Defendant's HESS Procedures.

35. At all times material hereto, Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not correct them.  Defendant's knowledge of the dangerous condition(s) was specifically acquired through (a) its designing and inspection of the subject area prior to this incident and (b) prior incidents causing personal injury to Defendant's passengers involving the same or similar fall incidents aboard on its vessels, including the *Carnival Magic* and its sister ships. *See*, *Dukes v. Carnival Corp*., 1:17-cv-20668-KMW [D.E. 1]; *Rodriguez v. Carnival Corp.*, 1:16-cv-24576-JAL; *Carpenter v Carnival Corp.,* 1:21-cv-21643-FAM. Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

36. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries and suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and

impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

Respectfully submitted,

LIPCON, MARGULIES
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 S. Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Carol L. Finklehoffe*
**JASON R. MARGULIES**
Florida Bar No. 57916
jmargulies@lipcon.com
**CAROL FINKLEHOFFE**
Florida Bar No. 0015903
cfinklehoffe@lipcon.com